[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15649
Non-Argument Calendar
_____

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2012
JOHN LEY
CLERK
```

D.C. Docket No. 1:10-cv-04035-RLV

DEXTER WEBB,

                      Plaintiff-Appellee,

versus

THE CITY OF RIVERDALE,
AUGUSTUS PALMER, III, a.k.a. Augustus Palmer,
SAMUEL F. PATTERSON, Chief of Police; in his
individual and official capacity as a police officer,
OFFICER VEASNA SRENG, in her individual and
official capacity as a police officer,
CAPTAIN PAUL WEATHERS, in his individual and
official capacity as a police officer,

                      Defendants-Appellants,

THE CITY OF RIVERDALE POLICE DEPARTMENT, et al.,

                      Defendants.
_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 22,2012)

Before CARNES, WILSON and COX, Circuit Judges.

PER CURIAM:

Dexter Webb brought this civil rights action against the City of Riverdale and various City of Riverdale police officers in their individual and official capacities. While this action was pending, Webb filed for Chapter 7 bankruptcy protection, but failed to disclose this pending lawsuit. When the defendants discovered Webb did not list this case in his bankruptcy petition, they filed a motion for summary judgment based upon the doctrine of judicial estoppel.

The district court denied the motion for summary judgment, but dismissed Webb's civil action on the ground that only the Trustee in Webb's Chapter 7 bankruptcy proceeding had standing to pursue the action. The dismissal was without prejudice.

On appeal, Webb agrees that he does not have standing to prosecute this case. His brief states, "Since Appellee filed a Chapter 7 petition, the Trustee became the real party in interest of Appellee's claims at the time of his filing. . . . Therefore, Appellee lost his right to litigate the claim immediately at the time of filing." (Appellee's Br. at 14.)

Webb's position is in accord with our precedent. In *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268 (11th Cir. 2004), we explained that

> a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it. . . . Thus, a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate.

*Id.* at 1272 (citations omitted). Therefore, the district court did not err by dismissing the case on this basis. We affirm the judgment dismissing the action without prejudice.

Because Webb did not have standing to prosecute the case, the district court should have refrained from ruling on the defendants' motion for summary judgment. Therefore, we vacate the district court's order denying the motion. Should the bankruptcy Trustee abandon this claim back to Webb, and Webb refiles this case, then the question of judicial estoppel, if raised, would properly be before the court.

AFFIRMED IN PART, VACATED IN PART.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 22, 2012

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 11-15649-BB
Case Style: Dexter Webb v. The City of Riverdale, et al
District Court Docket No: 1:10-cv-04035-RLV

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, each party to bear own costs.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, BB at (404) 335-6179.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs